## Lebanon Mutual Fire Ins. Co., Plff. in Err., v. Daniel Hankinson, to Use, etc.

If a policy insures against loss or damage by fire, all losses to the property insured that clearly result from fire are within the policy, as well as all that result from an apparent bona fide effort to extinguish the fire and remove the goods to a safe place.

Where the insured knew, or ought to have known, that a change in the occupancy of premises adjoining the insured property increased the danger to the buildings from fire so as to increase the rate of insurance, and did not notify the insurer as required by a stipulation in the policy, if the loss occurred by reason of such change the insurer is discharged from all liability in the policy.

But, in order that the insurer shall be discharged, he must establish that the change actually occurred; that it increased the risk or hazard; that the rate of insurance was thereby increased; that the insured knew, or ought to have known, that the risk and rate were so increased, which must be proved by evidence, direct or circumstantial, and that the loss was occasioned by the change.

(Decided April 5, 1886.)

Error to the Common Pleas of Wyoming County to review a judgment for plaintiff in an action upon a policy of fire insurance. Affirmed.

NOTE.—For effect of increase of risk, see note to Manheim Mut. F. Ins. Co. v. Thompson, 1 Sad. Rep. 18.

The insured is protected from loss by fire or smoke from fire though he be negligent, unless the negligence is gross. Bentley v. Lumbermen's Ins.

The facts sufficiently appear in the charge below by SITTER, P. J., which was as follows:

This is an action of debt brought by Daniel Hankinson against the Lebanon Mutual Fire Insurance Company, the defendant, to recover for a loss by fire, which he alleges he has sustained and which he claims the defendant company agreed to make good to him. The plaintiff has given in evidence the policy of insurance, dated February 5, 1872, in which the Lebanon Mutual Fire Insurance Company agrees to insure the plaintiff against loss or damage by fire on his frame store building to the amount of $1,400; on his stock and merchandise therein, to the amount of $300; on his frame dwelling-house to the amount of $400.

The plaintiff claims that on June 29, 1884, a fire occured in which the store building was totally consumed, the stock of goods and merchandise partially consumed and damaged to the amount of $400, and the frame dwelling-house, to the amount of $100.

Every loss that clearly results from fire to the property insured is within the policy, and losses resulting from an apparent bona fide effort to put out the fire and to remove the goods to a safe place, such as spoiling the goods with water, throwing furniture out of the window, etc., is within the policy.

How far this claim of the plaintiff is sustained is for you to say under the evidence in the case. A number of witnesses have been called upon the part of the plaintiff upon this subject, and it is for you to say how far they are entitled to credit, and what weight should be given to their testimony. It is claimed by the defendant that the plaintiff ought not to recover anything in this case.

Co. 191 Pa. 276; Cumberland Valley Mut. Protection Co. v. Douglas, 58 Pa. 419, 98 Am. Dec. 298; Lebanon Mut. Ins. Co. v. Kepler, 106 Pa. 28. So, it has been held that a recovery may be had where the loss occurred by his own act while insane. Showalter v. Mutual F. Ins. Co. 3 Pa. Super. Ct. 448, 40 W. N. C. 76. The question of negligence by the insured is for the jury. Landes v. Safety Mut. F. Ins. Co. 190 Pa. 536, 42 Atl. 961.

The insurance covers loss incurred by theft or destruction of goods due to an effort to save them from the fire. Independent Mut. Ins. Co. v. Agnew, 34 Pa. 96, 75 Am. Dec. 638. And this is true though the goods are removed because of fire in adjoining property, if the jury find that there was reasonable cause for believing that the goods would be destroyed if not removed. Lukens v. Insurance Co. 25 Phila. Leg. Int. 61. See Hillier v. Allegheny County Mut. Ins. Co. 3 Pa. St. 470, 55 Am. Dec. 656.

The policy contains the following provision: "If, during the insurance any alteration be made on the premises, buildings be erected, or change made in the use or occupation of the same, or the neighboring premises or otherwise, whereby the risk or hazard is increased so as to increase the rate of insurance, it shall be the duty of the insured to give notice thereof to the secretary, pay the additional premium, and obtain the consent of the company thereto in writing; otherwise the insured shall not be entitled to recover for any loss or damage by fire, originating by reason of such change."

The defendant alleges that there was a change in the use and occupancy of the neighboring property that increased the risk and the rate of insurance, and that the plaintiff gave to the de-defendant no notice as required in the policy.

It is testified that the railroad track, at the time of the insurance, was on the towpath of the canal, and that afterwards the track was placed nearer the building. You have heard the witnesses on this subject, and will take into consideration the place occupied by the track at the time this insurance was effected, the distance from the building and the distance to the new track from the building, and all other evidence given on this branch of the case, and determine: First, whether this change increased the risk and danger to the building from fire; second, whether the increased risk was such as to increase the rate of insurance.

If you find the change so increased the risk as to increase the rate of insurance, and that the plaintiff knew this fact, or ought to have known it, as there is no evidence that the plaintiff gave any notice to the company, it will be your duty to find a verdict for the defendant.

If the change was not of such a nature as to increase the risk or the rate of insurance, then this branch of the defense falls. If you find that there was not an increased risk, nor an increased rate of insurance called for in consequence of it, then the defense set up here cannot avail.

Then you must take into consideration the evidence in reference to the damages and loss which the plaintiff has sustained. What was the value of the building destroyed? What loss did the plaintiff sustain from the destruction of that building by the fire? What loss did he sustain upon the goods that were partially consumed and otherwise damaged? What losses did he

sustain in consequence of this fire to his house from people tramping upon the roof, in their efforts to save it; from water that was thrown upon it; windows and window sash that were broken out in their attempts to save the building? All these questions you can take into consideration.

The plaintiff has requested us to say to you:

First, that the plaintiff is not responsible for anything that may appear upon the diagram or survey attached to his application, nor for anything that may have been omitted therefrom.

This is not affirmed.

Second, that in order to make the change in the location of the railroad company's track a defense, the burden is upon the defense to establish as follows:

1. That there was in fact a change in the use or occupation of their premises.

2. That such change increased the risk or hazard.

3. That such increase increased the rate of insurance.

4. That Mr. Hankinson knew that the risk and rate were both increased thereby; and this is not to be assumed, but must be proved by direct evidence.

5. That the loss was occasioned by reason of the change of the location of the railroad track.

This we affirm, but we qualify the fourth section of this second point so as to read as follows, that Mr. Hankinson knew the risk and rate were both increased thereon, or ought to have known it; this is not to be assumed, but must be proved by evidence, direct or circumstantial; and we say further, if it is apparent that Mr. Hankinson should have given the company notice, the burden is on Hankinson to prove that he gave it.

The defendant has requested us to say to you:

First, it is undisputed in this case that the store building in which the fire originated projected 10 feet, the whole width thereof, upon the land of the Pennsylvania & New York Canal & Railroad Company; that, in the absence of any agreement or permit of the owners to locate a building upon their land, the plaintiff was not the sole and undisputed owner thereof, and his answer to the ninth interrogatory in the application was false, and he cannot recover.

We do not affirm this point.

Second, if the jury believe that at the time of the fire, June 29, 1884, the canal had been abandoned, a railroad built on the

land marked on the diagram as a canal, and the fire was started by cinders, sparks, or coals from an engine or cars on said railroad within 12 feet of the building where the fire started, the plaintiff cannot recover, unless the jury find that he had notified the insurance company of such change in the neighboring premises.

This point is affirmed, providing this using and occupation of the premises mentioned increased the risk, so as to increase the rate of insurance from what it was at the time the insurance was effected, and the plaintiff knew, or ought to have known, that it increased the rate of insurance.

Third, if the plaintiff knew that the building of the railroad on the adjoining premises and near his store building during the insurance increased the risk and hazard so as to increase the rate of insurance, it was his duty to notify the insurance company and obtain its consent in writing; and, having failed to do so, he cannot recover.

This is affirmed, provided you find that the fire originated from such a change of the use and occupancy of the neighboring premises.

Fourth, if the jury believe that the drawing of the water from the canal adjoining the store building during the insurance, and occupying the ground for a railroad within 12 feet of that building, increased the risk or hazard from fire, the plaintiff cannot recover from any losses sustained from fire from the use of said railroad.

This is not affirmed.

Fifth, that the answer to the twelfth interrogatory in the application, which is as follows: "What means have you for the extinguishment of fire in your immediate vicinity?"—the plaintiff's answer "Spring water at dwelling-house No. 1, also No. 2, with canal near by," was a continuing warranty, and if the canal was filled up during the insurance and occupied for a railroad, the policy became void and the plaintiff cannot recover.

This is not affirmed.

Sixth, that this action cannot be maintained until award be obtained fixing the amount of the claim as appended in the tenth and fifteenth conditions annexed to the policy.

This is not affirmed.

Seventh, the policy in this case is made and accepted with reference to the application and survey; which are to be resorted

to and used in order to explain the rights and obligations of the parties thereto and the location of exposure at the time of the insurance, and are taken to be ascertained therefrom.

This is affirmed, except the last clause; we do not say to you that the location of the exposures, at the time the insurance was taken, are to be ascertained therefrom. They are to be ascertained from the evidence in the case upon that subject. While the parties have agreed that the survey may be resorted to and used to explain the obligations and the rights of the parties, that does not make it the exclusive and only evidence of exposures or their location at the time of the insurance.

If you find for the defendant you will say that you find for the defendant. If you find for the plaintiff, you will say that you find for the plaintiff, and state the amount that he is entitled to recover; and that amount is to be made up of the damage which he sustained by reason of this fire, with interest on it from ninety days from the time this proof of loss was given to the company.

Verdict and judgment having passed for plaintiff, defendant brought error.

*Harding & Frear* for plaintiff in error.

*W. E. & C. A. Little* and *William M. Piatt & Sons* for defendant in error.

PER CURIAM:

This case was submitted to the jury in a fair and correct charge. They were distinctly told if the change of the railroad track increased the danger of the building to fire so as to increase the rate of insurance, and the insured knew that fact or ought to have known it, they should find a verdict for the company. The verdict therefore establishes the fact that there was no such increased risk. We discover no error in the answers to the points.

Judgment affirmed.